IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANOFI-AVENTIS U.S. LLC and SANOFI MATURE IP,<br><br>Plaintiffs,<br><br>v.<br><br>ACCORD HEALTHCARE INC.,<br><br>Defendant. | ) | C.A. No. ________________ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Sanofi-Aventis U.S. LLC (hereinafter "Sanofi U.S.") and Sanofi Mature IP (collectively, "Plaintiffs"), by their attorneys, hereby allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code and for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*. This action relates to the Abbreviated New Drug Application ("ANDA") and the New Drug Application ("NDA") filed pursuant to 21 U.S.C. § 355(b)(2) ("B2 NDA") submitted by the above-named defendant to the U.S. Food and Drug Administration ("FDA") for approval to engage in the commercial manufacture, use, or sale of cabazitaxel injection, for intravenous infusion, generic versions of Plaintiffs' JEVTANA® KIT (hereinafter "JEVTANA®"), prior to the expiration of U.S. Patent No. 10,583,110 ("the '110 patent").

**THE PARTIES**

2. Plaintiff Sanofi U.S. is a company organized and existing under the laws of the State of Delaware, having commercial headquarters at 55 Corporate Drive, Bridgewater, New Jersey 08807.

3. Plaintiff Sanofi Mature IP is a company organized and existing under the laws of France, having its principal place of business at 54 rue La Boétie, 75008 Paris, France.

4. Plaintiffs are owned by Sanofi, a global research-driven pharmaceutical company that discovers, develops, manufactures, and markets a broad range of innovative products to improve human health.

5. On information and belief, Defendant Accord Healthcare Inc. ("Accord") is a corporation organized and existing under the laws of North Carolina, with a place of business at 1009 Slater Road, Suite 210-B, Durham, North Carolina 27703. On information and belief, Accord is in the business of, among other things, developing, manufacturing and/or distributing generic drug products for marketing, sale, and/or use throughout the United States, including in this Judicial District.

6. On information and belief, Accord assembled and caused to be submitted to the FDA ANDA No. 207693 pursuant to 21 U.S.C. § 355(j) (§ 505(j) of the Federal Food, Drug and Cosmetic Act ("FDCA")) (hereinafter "the Accord ANDA") concerning a proposed drug product, Cabazitaxel Injection, 60 mg/1.5 mL (hereinafter "Accord's Proposed ANDA Product"). The Accord ANDA refers to and relies upon Sanofi U.S.'s NDA No. 201023 for JEVTANA®.

7. By a letter dated May 22, 2020, Accord notified Plaintiffs that, as a part of its ANDA, Accord had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '110 patent, which is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") for JEVTANA®, asserting that the '110 patent is invalid, unenforceable, and/or will not

be infringed by the commercial manufacture, use, and sale of Accord's Proposed ANDA Product.

8. On information and belief, Accord assembled and caused to be submitted to the FDA NDA No. 207949 pursuant to 21 U.S.C. § 355(b)(2) (§ 505(b)(2) of the FDCA) (hereinafter "the Accord B2 NDA") concerning a proposed drug product, Cabazitaxel Injection, 20 mg/mL, 3 mL (hereinafter "Accord's Proposed B2 NDA Product"). The Accord B2 NDA refers to and relies upon Sanofi U.S.'s NDA No. 201023 for JEVTANA®.

9. By a letter dated May 22, 2020, Accord notified Plaintiffs that, as a part of its B2 NDA, Accord had filed a certification of the type described in Section 505(b)(2)(A)(iv) of the FDCA, 21 U.S.C. § 355(b)(2)(A)(iv), with respect to the '110 patent, which is listed in the Orange Book for JEVTANA®, asserting that the '110 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Accord's Proposed B2 NDA Product.

10. On information and belief, the FDA has granted tentative approval to the Accord ANDA and the Accord B2 NDA.

**PRIOR JEVTANA® LITIGATION WITH ACCORD**

11. By letters dated November 24, 2014 and March 11, 2015, Accord notified Plaintiffs that, as a part of its ANDA, Accord had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to, *inter alia*, U.S. Patent Nos. 5,847,170 (" the '170 patent") and 8,927,592 ("the '592 patent"), both of which were listed in the Orange Book for JEVTANA®, asserting that the '170 patent and '592 patent are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Accord's Proposed ANDA Product.

12. By letters dated November 25, 2014 and March 11, 2015, Accord notified Plaintiffs that, as a part of its B2 NDA, Accord had filed certifications of the type described in Section 505(b)(2)(A)(iv) of the FDCA, 21 U.S.C. § 355(b)(2)(A)(iv), with respect to, *inter alia*, the '170 patent and the '592 patent, both of which were listed in the Orange Book for JEVTANA®, asserting that the '170 patent and '592 patent are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and sale of Accord's Proposed B2 NDA Product.

13. Plaintiffs sued Accord for infringement of the '170 patent and the '592 patent within 45 days of receiving these Notice Letters. *See Sanofi-Aventis US LLC et al. v. Accord Healthcare, Inc.*, C.A. No. 14-cv-8079-MAS-LHG (D.N.J.); *Sanofi-Aventis US LLC et al. v. Accord Healthcare, Inc.*, C.A. No. 15-cv-2520-MAS-LHG (D.N.J.).

14. The court conducted an eight-day bench trial on September 18-20 and September 25-29, 2017.

15. After trial, the court concluded that: 1) the defendants (including Accord) infringed the '170 patent; 2) the defendants failed to demonstrate the invalidity of the infringed claims of the '170 patent by clear and convincing evidence; and 3) the defendants demonstrated invalidity of the asserted claims of the '592 patent by clear and convincing evidence.

16. The court entered final judgment in favor of Plaintiffs and against Accord that the commercial manufacture, use, sale, or offer for sale within the United States or importation into the United States of the cabazitaxel injection products that are the subjects of the Accord ANDA and the Accord B2 NDA would infringe claims 1 and 2 of the '170 patent. The court ordered that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any final approval by the FDA of Accord's ANDA and B2 NDA shall not be a date earlier than the

expiration of the ’170 patent together with the period of Pediatric Exclusivity awarded to Plaintiffs, which is currently September 26, 2021. The court also enjoined Accord pursuant to 35 U.S.C. § 271(e)(4)(B) from commercial manufacture, use, sale, or offer for sale within the United States or importation into the United States of Accord’s Proposed ANDA Product and Accord’s Proposed B2 NDA Product until the expiration of the ’170 patent, which is currently March 26, 2021.

17. On appeal, the United States Court of Appeals for the Federal Circuit affirmed the district court’s judgment of nonobviousness concerning claims 1 and 2 of the ’170 patent.

## JURISDICTION AND VENUE

18. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

19. This Court has personal jurisdiction over Accord. On information and belief, Accord directly or through its alter ego, affiliates, or agents develops, formulates, manufactures, markets, imports, and sells pharmaceutical products, including generic drug products, throughout the United States, including in Delaware. On information and belief, Accord regularly conducts and solicits business in the State of Delaware, engages in other persistent courses of conduct in the State of Delaware, and/or derives substantial revenue from services or things used or consumed in the State of Delaware. On information and belief, Accord transacts business within the state of Delaware related to Plaintiffs’ claims, and has engaged in systematic, pervasive, and continuous business contacts within the State of Delaware.

20. On information and belief, Accord has consented to jurisdiction and venue in this Judicial District by participating in one or more prior cases arising out of the filing of its

ANDAs or B2 NDAs and has filed counterclaims in such cases. *See, e.g.*, *Genentech, Inc. et al. v. Accord Healthcare, Inc.*, C.A. No. 19-141-RGA (D. Del. Mar. 15, 2019), D.I. 13; *Genentech, Inc. et al. v. Accord Healthcare, Inc.*, C.A. No. 19-142-RGA (D. Del. Mar. 15, 2019), D.I. 13; *Novartis Pharms. Co. v. Accord Healthcare Inc. et al*, C.A. No. 18-1043-KAJ (D. Del. Aug. 8, 2018), D.I. 46; *Biogen Int'l GmbH et al v. Accord Healthcare Inc.*, C.A. No. 17-872-MN (D. Del. Oct. 16, 2017). D.I. 8; *Bristol-Myers Squibb Co. et al v. Accord Healthcare Inc.*, C.A. No. 17-398-LPS (D. Del. June 19, 2017), D.I. 12; *Cephalon Inc. v. Sandoz Inc., et al.*, C.A. No. 15-178-GMS (D. Del. Mar 30, 2015), D.I. 17; *Pfizer Inc. et al. v. Intas Pharms. Ltd. et al.*, C.A. No. 11-1253-GMS-MPT (D. Del. Mar. 12, 2012), D.I. 12.

21. Accord is also subject to personal jurisdiction in the State of Delaware because, by submitting and maintaining the Accord ANDA with the intent to make, use, offer to sell, and/or sell the drug product that is subject of ANDA No. 207693 in this Judicial District, Accord has committed, aided, abetted, contributed to, and/or participated in the commission of tortious acts of patent infringement under 35 U.S.C. § 271(e)(2) that have led and/or will lead to foreseeable harm and injury to Plaintiff Sanofi U.S., which is a Delaware company.

22. Accord is also subject to personal jurisdiction in the State of Delaware because, by submitting and maintaining the Accord B2 NDA with the intent to make, use, offer to sell, and/or sell the drug product that is subject of NDA No. 207949 in this Judicial District, Accord has committed, aided, abetted, contributed to, and/or participated in the commission of tortious acts of patent infringement under 35 U.S.C. § 271(e)(2) that have led and/or will lead to foreseeable harm and injury to Plaintiff Sanofi U.S., which is a Delaware company.

23. On information and belief, upon approval of the Accord ANDA, Accord and/or its subsidiaries, affiliates or agents will market, sell and/or distribute Accord's Proposed

ANDA Product throughout the United States, including in this Judicial District, and will derive substantial revenue therefrom.

24. On information and belief, upon approval of the Accord ANDA, Accord and/or its subsidiaries, affiliates or agents will place Accord's Proposed ANDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will ultimately be purchased and used by consumers in this Judicial District.

25. On information and belief, upon approval of the Accord B2 NDA, Accord and/or its subsidiaries, affiliates or agents will market, sell and/or distribute Accord's Proposed B2 NDA Product throughout the United States, including in this Judicial District, and will derive substantial revenue therefrom.

26. On information and belief, upon approval of the Accord B2 NDA, Accord and/or its subsidiaries, affiliates or agents will place Accord's B2 NDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will ultimately be purchased and used by consumers in this Judicial District.

27. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b).

**JEVTANA® AND THE PATENT-IN-SUIT**

28. Sanofi U.S. holds approved NDA No. 201023 for cabazitaxel injection, 60 mg/ 1.5 mL (40 mg/mL), which is prescribed and sold in the United States under the trademark JEVTANA® KIT. The FDA approved NDA No. 201023 on June 17, 2010. JEVTANA® is approved for use in combination with prednisone for the treatment of patients with metastatic castration-resistant prostate cancer previously treated with a docetaxel-containing treatment regimen.

29. United States Patent No. 10,583,110 (copy attached as Exhibit A) is entitled "Novel Antitumoral Use of Cabazitaxel" and was duly and legally issued by the United States Patent and Trademark Office on March 10, 2020. It is owned by Sanofi Mature IP. The '110 patent is related to the '592 patent by a chain of continuation applications and relies on the same provisional patent applications. The '110 patent is directed to methods for increasing survival of prostate cancer patients with cabazitaxel, including the use of JEVTANA® in accordance with the labeling approved by the FDA.

30. The claims of the '110 patent are materially different from and patentably distinct from all issued claims of the '592 patent, because, among other things, the claims of the '110 patent require administration of cabazitaxel with the intentional purpose of prolonging survival and administration of a premedication regimen, neither of which was a limitation in any issued claim of the '592 patent.

**COUNT I: INFRINGEMENT OF THE PATENT-IN-SUIT BY ACCORD ANDA UNDER 35 U.S.C. § 271(e)**

31. Plaintiffs incorporate each of the preceding paragraphs 1–30 as if fully set forth herein.

32. By submitting the Accord ANDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Accord's Proposed ANDA Product throughout the United States prior to expiration of the '110 patent, Accord committed an act of infringement of one or more claims of the '110 patent under 35 U.S.C. § 271(e)(2).

33. On information and belief, Accord intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Accord's

Proposed ANDA Product with proposed labeling immediately and imminently upon final approval.

34. On information and belief, the proposed labeling for Accord's Proposed ANDA Product will be substantially identical to the JEVTANA® label, and instructs and encourages physicians to practice the claimed methods of the '110 patent.

35. The JEVTANA® label states that the indication is "treatment of patients with metastatic castration-resistant prostate cancer previously treated with a docetaxel-containing treatment regimen." (JEVTANA® label at § 1, copy attached as Exhibit B). The JEVTANA® label describes the pivotal TROPIC clinical study in which cabazitaxel was shown to prolong overall survival of these patients, and therefore instructs physicians that JEVTANA® increases survival and encourages physicians to administer the drug to those patients for that purpose in accordance with the claimed methods of the '110 patent. (JEVTANA® label at § 14).

36. The recommended dose of cabazitaxel in the JEVTANA® label is 20 $mg/m^2$ administered as a one-hour intravenous infusion every three weeks. A dose of 25 $mg/m^2$ "can be used in select patients." Patients at 20 $mg/m^2$ who require dose reduction should receive 15 $mg/m^2$, and patients at 25 $mg/m^2$ who require dose reduction should receive 20 $mg/m^2$. (JEVTANA® label at § 2). The JEVTANA® label therefore instructs and encourages physicians to administer 15 $mg/m^2$, 20 $mg/m^2$, or 25 $mg/m^2$ of cabazitaxel in accordance with the claimed methods of the '110 patent.

37. The JEVTANA® label instructs physicians to "[p]remedicate at least 30 minutes prior to each dose of JEVTANA® with the following intravenous medications to reduce the risk and/or severity of hypersensitivity: antihistamine (dexchlorpheniramine 5 mg, or diphenhydramine 25 mg or equivalent antihistamine), corticosteroid (dexamethasone 8 mg or

equivalent steroid), $H_2$ antagonist (ranitidine 50 mg or equivalent $H_2$ antagonist)." (JEVTANA® label at § 2.1). The JEVTANA® label therefore instructs and encourages physicians to administer the premedications recited in the '110 patent claims in accordance with the claimed methods of the '110 patent.

38. Thus, on information and belief, the use Accord's Proposed ANDA Product in accordance with its proposed labeling will directly infringe at least one claim of the '110 patent under 35 U.S.C. § 271(a).

39. On information and belief, Accord has actual knowledge of the '110 patent and will actively induce direct infringement of at least one claim of the '110 patent under 35 U.S.C. § 271(b) when Accord's ANDA is approved and Accord's Proposed ANDA Product is marketed, sold, distributed, and/or imported.

40. The foregoing acts by Accord constitute and/or will constitute infringement of the '110 patent and/or active inducement of infringement of the '110 patent under 35 U.S.C. § 271(b).

41. If Accord's infringement of the '110 patent is not permanently enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**COUNT II: INFRINGEMENT OF THE PATENT-IN-SUIT BY ACCORD B2 NDA UNDER 35 U.S.C. § 271(e)**

42. Plaintiffs incorporate each of the preceding paragraphs 1–41 as if fully set forth herein.

43. By submitting the Accord B2 NDA under 21 U.S.C. § 355(b)(2) for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Accord's Proposed B2 NDA Product throughout

the United States prior to expiration of the ’110 patent, Accord committed an act of infringement of one or more claims of the ’110 patent under 35 U.S.C. § 271(e)(2).

44. On information and belief, Accord intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Accord’s Proposed B2 NDA Product with proposed labeling immediately and imminently upon final approval.

45. On information and belief, the proposed labeling for Accord’s Proposed B2 NDA Product will be substantially identical to the JEVTANA® label, and instructs and encourages physicians to practice the claimed methods of the ’110 patent.

46. The JEVTANA® label states that the indication is “treatment of patients with metastatic castration-resistant prostate cancer previously treated with a docetaxel-containing treatment regimen.” (JEVTANA® label at § 1, copy attached as Exhibit B). The JEVTANA® label describes the pivotal TROPIC clinical study in which cabazitaxel was shown to prolong overall survival of these patients, and therefore instructs physicians that JEVTANA® increases survival and encourages physicians to administer the drug to those patients for that purpose in accordance with the claimed methods of the ’110 patent. (JEVTANA® label at § 14).

47. The recommended dose of cabazitaxel in the JEVTANA® label is 20 $mg/m^2$ administered as a one-hour intravenous infusion every three weeks. A dose of 25 $mg/m^2$ “can be used in select patients.” Patients at 20 $mg/m^2$ who require dose reduction should receive 15 $mg/m^2$, and patients at 25 $mg/m^2$ who require dose reduction should receive 20 $mg/m^2$. (JEVTANA® label at § 2). The JEVTANA® label therefore instructs and encourages physicians to administer 15 $mg/m^2$, 20 $mg/m^2$, or 25 $mg/m^2$ of cabazitaxel in accordance with the claimed methods of the ’110 patent.

48. The JEVTANA® label instructs physicians to "[p]remedicate at least 30 minutes prior to each dose of JEVTANA® with the following intravenous medications to reduce the risk and/or severity of hypersensitivity: antihistamine (dexchlorpheniramine 5 mg, or diphenhydramine 25 mg or equivalent antihistamine), corticosteroid (dexamethasone 8 mg or equivalent steroid), $H_2$ antagonist (ranitidine 50 mg or equivalent $H_2$ antagonist)." (JEVTANA® label at § 2.1). The JEVTANA® label therefore instructs and encourages physicians to administer the premedications recited in the '110 patent claims in accordance with the claimed methods of the '110 patent.

49. Thus, on information and belief, the use Accord's Proposed B2 NDA Product in accordance with its proposed labeling will directly infringe at least one claim of the '110 patent under 35 U.S.C. § 271(a).

50. On information and belief, Accord has actual knowledge of the '110 patent and will actively induce direct infringement of at least one claim of the '110 patent under 35 U.S.C. § 271(b) when Accord's B2 NDA is approved and Accord's Proposed B2 NDA Product is marketed, sold, distributed, and/or imported.

51. The foregoing acts by Accord constitute and/or will constitute infringement of the '110 patent and/or active inducement of infringement of the '110 patent under 35 U.S.C. § 271(b).

52. If Accord's infringement of the '110 patent is not permanently enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT III: DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 10,583,110 BY ACCORD's PROPOSED ANDA PRODUCT UNDER 35 U.S.C. § 271(B)

53. Plaintiffs incorporate each of the preceding paragraphs 1–52 as if fully set forth herein.

54. On information and belief, Accord intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Accord's Proposed ANDA Product with proposed labeling immediately and imminently upon final approval and prior to the expiration of the '110 patent. Therefore, a case or controversy exists between Accord and Plaintiffs as to infringement of the '110 patent.

55. The commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Accord's Proposed ANDA Product would infringe one or more claims of the '110 patent.

56. On information and belief, the proposed labeling for Accord's Proposed ANDA Product will be substantially identical to the JEVTANA® label, and instructs and encourages physicians to practice the claimed methods of the '110 patent.

57. The JEVTANA® label states that the indication is "treatment of patients with metastatic castration-resistant prostate cancer previously treated with a docetaxel-containing treatment regimen." (JEVTANA® label at § 1). The JEVTANA® label describes the pivotal TROPIC clinical study in which cabazitaxel was shown to prolong overall survival of these patients, and therefore instructs physicians that JEVTANA® increases survival and encourages physicians to administer the drug to those patients for that purpose in accordance with the claimed methods of the '110 patent. (JEVTANA® label at § 14).

58. The recommended dose of cabazitaxel in the JEVTANA® label is 20 $mg/m^2$ administered as a one-hour intravenous infusion every three weeks. A dose of 25 $mg/m^2$ "can be used in select patients." Patients at 20 $mg/m^2$ who require dose reduction should receive 15 $mg/m^2$, and patients at 25 $mg/m^2$ who require dose reduction should receive 20 $mg/m^2$. (JEVTANA® label at § 2). The JEVTANA® label therefore instructs and encourages

physicians to administer 15 $mg/m^2$, 20 $mg/m^2$, or 25 $mg/m^2$ of cabazitaxel in accordance with the claimed methods of the ’110 patent.

59. The JEVTANA® label instructs physicians to “[p]remedicate at least 30 minutes prior to each dose of JEVTANA® with the following intravenous medications to reduce the risk and/or severity of hypersensitivity: antihistamine (dexchlorpheniramine 5 mg, or diphenhydramine 25 mg or equivalent antihistamine), corticosteroid (dexamethasone 8 mg or equivalent steroid), $H_2$ antagonist (ranitidine 50 mg or equivalent $H_2$ antagonist).” (JEVTANA® label at § 2.1). The JEVTANA® label therefore instructs and encourages physicians to administer the premedications recited in the ’110 patent claims in accordance with the claimed methods of the ’110 patent.

60. Thus, on information and belief, the use of Accord’s Proposed ANDA Product in accordance with its proposed labeling will directly infringe at least one claim of the ’110 patent under 35 U.S.C. § 271(a).

61. On information and belief, Accord has actual knowledge of the ’110 patent and will actively induce direct infringement of at least one claim of the ’110 patent under 35 U.S.C. § 271(b) when the Accord ANDA is approved and Accord’s Proposed ANDA Product is marketed, sold, distributed, and/or imported.

62. The foregoing acts by Accord constitute and/or will constitute active inducement of infringement of the ’110 patent under 35 U.S.C. § 271(b).

63. If Accord’s infringement of the ’110 patent is not permanently enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**COUNT IV: DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 10,583,110 BY ACCORD'S PROPOSED B2 NDA PRODUCT UNDER 35 U.S.C. § 271(B)**

64. Plaintiffs incorporate each of the preceding paragraphs 1–63 as if fully set forth herein.

65. On information and belief, Accord intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Accord's Proposed B2 NDA Product with proposed labeling immediately and imminently upon final approval and prior to the expiration of the '110 patent. Therefore, a case or controversy exists between Accord and Plaintiffs as to infringement of the '110 patent.

66. The commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Accord's Proposed B2 NDA Product would infringe one or more claims of the '110 patent.

67. On information and belief, the proposed labeling for Accord's Proposed B2 NDA Product will be substantially identical to the JEVTANA® label, and instructs and encourages physicians to practice the claimed methods of the '110 patent.

68. The JEVTANA® label states that the indication is "treatment of patients with metastatic castration-resistant prostate cancer previously treated with a docetaxel-containing treatment regimen." (JEVTANA® label at § 1). The JEVTANA® label describes the pivotal TROPIC clinical study in which cabazitaxel was shown to prolong overall survival of these patients, and therefore instructs physicians that JEVTANA® increases survival and encourages physicians to administer the drug to those patients for that purpose in accordance with the claimed methods of the '110 patent. (JEVTANA® label at § 14).

69. The recommended dose of cabazitaxel in the JEVTANA® label is 20 $mg/m^2$ administered as a one-hour intravenous infusion every three weeks. A dose of

25 mg/m$^2$ "can be used in select patients." Patients at 20 mg/m$^2$ who require dose reduction should receive 15 mg/m$^2$, and patients at 25 mg/m$^2$ who require dose reduction should receive 20 mg/m$^2$. (JEVTANA® label at § 2). The JEVTANA® label therefore instructs and encourages physicians to administer 15 mg/m$^2$, 20 mg/m$^2$, or 25 mg/m$^2$ of cabazitaxel in accordance with the claimed methods of the '110 patent.

70. The JEVTANA® label instructs physicians to "[p]remedicate at least 30 minutes prior to each dose of JEVTANA® with the following intravenous medications to reduce the risk and/or severity of hypersensitivity: antihistamine (dexchlorpheniramine 5 mg, or diphenhydramine 25 mg or equivalent antihistamine), corticosteroid (dexamethasone 8 mg or equivalent steroid), $H_2$ antagonist (ranitidine 50 mg or equivalent $H_2$ antagonist)." (JEVTANA® label at § 2.1). The JEVTANA® label therefore instructs and encourages physicians to administer the premedications recited in the '110 patent claims in accordance with the claimed methods of the '110 patent.

71. Thus, on information and belief, the use of Accord's Proposed B2 NDA Product in accordance with its proposed labeling will directly infringe at least one claim of the '110 patent under 35 U.S.C. § 271(a).

72. On information and belief, Accord has actual knowledge of the '110 patent and will actively induce direct infringement of at least one claim of the '110 patent under 35 U.S.C. § 271(b) when the Accord B2 NDA is approved and Accord's Proposed B2 NDA Product is marketed, sold, distributed, and/or imported.

73. The foregoing acts by Accord constitute and/or will constitute active inducement of infringement of the '110 patent under 35 U.S.C. § 271(b).

74. If Accord's infringement of the '110 patent is not permanently enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that Accord's submission and maintenance of its ANDA constituted an act of infringement of the '110 patent;

B. A judgment that Accord's submission and maintenance of its B2 NDA constituted an act of infringement of the '110 patent;

C. A judgment (or a declaration) that Accord's making, using, offering to sell, or selling in the United States or importing into the United States of Accord's Proposed ANDA Product will infringe the '110 patent;

D. A judgment (or a declaration) that Accord's making, using, offering to sell, or selling in the United States or importing into the United States of Accord's Proposed B2 NDA Product will infringe the '110 patent;

E. A permanent injunction restraining and enjoining Accord, its affiliates, subsidiaries, and each of their officers, agents, attorneys and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Accord's Proposed ANDA Product until the expiration of the '110 patent, including any extensions and/or periods of exclusivity to which Plaintiffs and/or the '110 patent are or become entitled;

F. A permanent injunction restraining and enjoining Accord, its affiliates, subsidiaries, and each of their officers, agents, attorneys and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Accord's Proposed B2

NDA Product until the expiration of the ’110 patent, including any extensions and/or periods of exclusivity to which Plaintiffs and/or the ’110 patent are or become entitled;

G. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of Accord’s ANDA shall be a date that is not earlier than the expiration date of the ’110 patent, including any extensions and/or periods of exclusivity to which Plaintiffs and/or the ’110 patent are or become entitled;

H. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of Accord’s B2 NDA shall be a date that is not earlier than the expiration date of the ’110 patent, including any extensions and/or periods of exclusivity to which Plaintiffs and/or the ’110 patent are or become entitled;

I. Damages, including monetary and other relief, to Plaintiffs if Accord engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of Accord’s Proposed ANDA Product or Accord’s Proposed B2 NDA Product, prior to the expiration date of the ’110 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

J. A declaration that this case is “exceptional” within the meaning of 35 U.S.C. § 285 and an award of reasonable attorney fees, costs, expenses, and disbursements of this action; and

K. Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

*Attorneys for Plaintiffs Sanofi-Aventis LLC and Sanofi Mature IP*

OF COUNSEL:

William E. Solander
Daniel J. Minion
Whitney L. Meier
VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
(212) 307-5500

Michael S. Scerbo
VENABLE LLP
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

June 12, 2020